UNITED STATES of America,
Plaintiff–Appellee,

v.

Mariana Portillo CASTELLANOS,
Defendant–Appellant.

No. 01–30047.
D.C. No. CR–99–00148–a–JMF.

United States Court of Appeals,
Ninth Circuit.

Submitted March 11, 2002.*

Decided March 20, 2002.

Before FARRIS, W. FLETCHER, and
FISHER, Circuit Judges.

courts of this circuit except as may be provid-
ed by 9th Cir. R. 36–3.

* This panel unanimously finds this case suit-
able for decision without oral argument. See
Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Mariana Portillo Castellanos appeals her conviction and 120–month sentence for conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, attempted possession of cocaine with intent to distribute, and attempted possession of cocaine base with intent to distribute, all in violation of 21 U.S.C. §§ 841(a)(1) and 846.[1] We have jurisdiction to review Castellanos' convictions pursuant to 28 U.S.C. § 1291, however we lack jurisdiction to review her sentencing claim. We affirm in part, and dismiss in part.

Castellanos first contends that the district court erred by denying her motion to withdraw her guilty plea. We are not persuaded. The district court has the sound discretion to allow withdrawal of a plea before sentencing, if the defendant can establish a fair and just reason. *See* Fed.R.Crim.P. 32(e); *United States v. Alber*, 56 F.3d 1106, 1111 (9th Cir.1995).

Castellanos claims that she should have been allowed to withdraw her plea because her attorney misled her to believe that she would not receive the ten-year mandatory minimum sentence. This claim is belied by the record, especially in light of the fact that the district court informed Castellanos several times that it would be imposing the mandatory 10–year minimum sentence if she pleaded guilty. Accordingly, the district court did not abuse its discretion by denying Castellanos' motion to withdraw her plea. *See Alber*, 56 F.3d at 1111.

Castellanos' second contention is that the district court abused its discretion by not granting a downward departure because her "situation took her outside the heartland." We lack jurisdiction to review the district court's discretionary decision not to grant a downward departure. *See United States v. Pizzichiello*, 272 F.3d 1232, 1239 (9th Cir.2001).

AFFIRMED in part; and DISMISSED in part.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Castellanos does not challenge her guilty plea conviction for one count of contempt of court, in violation of 18 U.S.C. §§ 401 and 3148.

